**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**January 22, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP806-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CM1386

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

KAPRISHA E. GREER,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge. *Affirmed*.

¶1 BRASH, P.J.[1] Kaprisha E. Greer appeals from her judgment of conviction after a jury convicted her of disorderly conduct with a domestic abuse assessment. She also appeals the order of the trial court denying her

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

postconviction motion. Greer argues that the trial court erred in not including the "true threat" language of the jury instruction for disorderly conduct, asserting that the State had elicited evidence regarding a threat in its case-in-chief.

¶2 The trial court held that her argument had been waived because Greer never raised an objection during the trial regarding the jury instruction. Additionally, the court found that the State had not relied on a "true threat" as an alternative theory of proving the disorderly conduct charge, so the instruction was not necessary. Furthermore, even if the instruction should have been given, the court determined that any error was harmless. We affirm.

## BACKGROUND

¶3 The charges against Greer stemmed from an incident between Greer and her daughter's father, J.D.H., in April 2017. J.D.H. stated that Greer had driven to his residence on North 31st Street in Milwaukee and confronted him in an alley behind the residence. He stated that Greer exited her vehicle and began yelling at him; he started videotaping her with his phone, which Greer knocked out of his hand. Greer then got back in her car, "revved" her engine, and drove her car toward J.D.H., striking him in the right knee. Greer was charged with endangering safety by use of a dangerous weapon and disorderly conduct, both with domestic abuse assessments.

¶4 The matter proceeded to trial in June 2018. During the State's direct examination of J.D.H., he stated that Greer had threatened him, referencing the video he had made on his phone: "the whole video is basically her threatening me and trying to hit me." J.D.H. also testified that when Greer was going back to her vehicle prior to running into J.D.H., she said "I got something for you," which he considered a threat.

¶5    Greer also testified. On cross-examination, the State elicited testimony from her that the incident had occurred at approximately "9:00 or 10:00" at night in a residential neighborhood, that she was "in [J.D.H.'s] face yelling at him," and that she was "pretty loud" and "boisterous[.]" Greer also admitted to "slapp[ing] the phone out of [J.D.H.'s] hand," although she disagreed that this constituted a violent act.

¶6    The jury returned a verdict of not guilty on the charge of endangering safety by use of a dangerous weapon, but found Greer guilty of disorderly conduct. A sentence of ninety days in the House of Correction was imposed and stayed, and Greer was placed on probation for one year.

¶7    Greer filed a postconviction motion arguing that the trial court had erred in not giving the "true threat" language of the disorderly conduct jury instruction. In discussing the preliminary jury instructions prior to the start of the trial, the court had asked the State whether there were any threat allegations in the case; the State responded that there were not, and that it was not asking for the true threat language to be given with the disorderly conduct instruction. After the close of evidence when the parties were discussing the final jury instructions, Greer's trial counsel did not raise any objection to the elimination of the true threat language of the instruction.

¶8    Greer contended that based on the testimony the State elicited from J.D.H., it was plain error for the trial court not to have included the true threat language in its instructions to the jury. Thus, despite the fact that Greer's trial counsel failed to raise an objection regarding the true threat language after the close of evidence, Greer asserted that the error was not waived and was not subject

to the harmless error analysis, citing *State v. Perkins*, 2001 WI 46, 243 Wis. 2d 141, 626 N.W.2d 762.

¶9    The trial court disagreed.  It found that any threats that Greer may have made to J.D.H. were not relied upon by the State in proving the essential elements of the disorderly conduct charge against Greer, which distinguished this case from *Perkins*.  The court further held that there was sufficient evidence—besides the evidence relating to the alleged threat—to prove the charge.  In other words, "[t]he State did not need to prove that [Greer] threatened [J.D.H.] in order to obtain a conviction for disorderly conduct because it was not an essential element of the offense[.]"  Additionally, the court determined that even if it was error not to have included the true threat language, the error was harmless.  The court therefore denied Greer's motion.  This appeal follows.

## DISCUSSION

¶10    "The trial court has broad discretion in instructing the jury and we will not find error as long as the instructions adequately cover the applicable law." *State v. Robinson*, 145 Wis. 2d 273, 281, 426 N.W.2d 606 (Ct. App. 1988).  A jury instruction that is "challenged as not completely and correctly informing the jury of the law applicable to the charge" presents a question of law that we review independently while benefiting from the trial court's analysis. *State v. Gonzalez*, 2011 WI 63, ¶22, 335 Wis. 2d 270, 802 N.W.2d 454.

¶11    At the close of evidence, the trial court is required to conduct a conference with the parties to discuss, among other things, the proposed jury

instructions. *See* WIS. STAT. § 805.13(3).[2] "Failure to object at the conference constitutes a waiver of any error in the proposed instructions[.]" ***Id.***

¶12     There is no dispute that Greer failed to raise an objection to the elimination of the true threat language at the jury instruction conference. However, relying on ***Perkins***, Greer argues that this court may nevertheless "reverse a conviction based on a jury instruction *regardless of whether an objection was made*, when the instruction obfuscates the real issue or arguably caused the real controversy not to be fully tried." *See **id.***, 243 Wis. 2d 141, ¶12 (emphasis added); *see also **Vollmer v. Luety***, 156 Wis. 2d 1, 22, 456 N.W.2d 797 (1990) ("In a case where an instruction obfuscates the real issue or arguably caused the real issue not to be tried, reversal would be available in the discretion of the court of appeals[.]").

¶13     In ***Perkins***, the defendant was charged with threatening a judge. Our supreme court, in recognizing that "some threatening words are protected speech under the First Amendment" and that "[o]nly a 'true threat' is constitutionally punishable under statutes criminalizing threats," adopted an objective test for determining whether statements made by a defendant constitute a true threat. ***Id.***, ¶¶17, 29.

¶14     The ***Perkins*** court then conducted an analysis as to whether the jury instruction for the crime of threatening a judge sufficiently addressed this factor; that is, whether it "adequately explain[ed] to the jury the difference between a 'true threat' and protected free speech." ***Id.***, ¶32. The court held that the jury

---

[2] WISCONSIN STAT. § 972.11(1) provides that WIS. STAT. § 805.13(3) is applicable to criminal proceedings. *See **State v. Perkins***, 2001 WI 46, ¶11, 243 Wis. 2d 141, 626 N.W.2d 762.

instruction was deficient because it did not sufficiently instruct the jury on that essential element of the crime. *Id.*, ¶37. Thus, it concluded that the controversy had not been fully tried. *Id.*, ¶49.

¶15 This case is distinguishable from *Perkins*. For the charge in *Perkins*—threatening a judge—the first essential element of the crime required proof "that the defendant threatened to cause bodily harm to [the judge]." *Id.*, ¶34. In contrast, here Greer was charged with disorderly conduct. The essential elements required to prove that crime are (1) that the defendant "engaged in violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct"; and (2) that "the conduct of the defendant, under the circumstances as they then existed, tended to cause or provoke a disturbance." *See* WIS JI—CRIMINAL 1900 (some formatting altered).

¶16 Neither of the essential elements required to prove disorderly conduct involve establishing that the victim was threatened. In fact, the "true threat" language of the instruction is required to be given *only* "where the State's case relies on statements or conduct that may constitute a threat[.]" *See Id* (some formatting altered). In other words, it is not necessary for the State to prove that a defendant threatened the victim in order to obtain a conviction for disorderly conduct.

¶17 Furthermore, we agree with the trial court's assessment that the State's case focused on Greer's conduct as it applied to the elements of disorderly conduct, and not J.D.H.'s characterization of her actions as a threat. The prosecutor began his closing argument by describing Greer's general conduct—yelling and screaming at J.D.H., swatting the phone out of his hand—stating that it was "violent" and "abusive" behavior, and that "she was boisterous … she was

6

loud … she was disorderly." In short, he tracked the language of the first element of disorderly conduct.

¶18 With regard to the second element, the prosecutor stated that being "violent and unreasonably loud at 9:00 at night in a residential area … is exactly the sort of thing that can cause a disturbance." Again, this statement tracks the language of WIS JI—CRIMINAL 1900. In other words, the State relied on evidence of Greer's conduct that supported its case with regard to the essential elements of disorderly conduct, and not on J.D.H.'s statements that he had construed Greer's conduct as a threat. As a result, the true threat language of the jury instruction was not necessary.

¶19 We therefore reject Greer's argument that the jury instruction without the true threat language was deficient, and that the real controversy was not fully tried, as in ***Perkins***. *See id.*, 243 Wis. 2d 141, ¶¶37, 49. Consequently, it would be improper for us to exercise our discretionary reversal authority in this matter. *See **Vollmer***, 156 Wis. 2d at 22.

¶20 Thus, Greer has no means of relief, as she waived her ability to challenge any alleged errors in the jury instructions by failing to timely object to them. *See* WIS. STAT. § 805.13(3). Accordingly, we affirm the judgment of conviction and the trial court's denial of her postconviction motion.

> *By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.